IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOCIAL FINANCE, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>CARRICARTE IP LICENSING, LLC and LOUIS M. CARRICARTE,<br><br>                Defendants. | Civil Action No. 2:25-cv-5508<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Social Finance, LLC, doing business as SoFi ("SoFi" or "Plaintiff"), hereby alleges for its Complaint against Defendants Carricarte IP Licensing, LLC and Louis M. Carricarte (collectively, "Carricarte" or "Defendants") as follows:

### INTRODUCTION

1. This is an action for declaratory judgment of noninfringement and invalidity of U.S. Patent No. 10,949,866 ("the 866 patent") (attached as Exhibit 1) arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

2. SoFi requests declaratory relief because Carricarte alleges that SoFi infringes the 866 patent. Specifically, SoFi seeks a declaratory judgment that it does not infringe the 866 patent and that the 866 patent is invalid.

**PARTIES**

3. Plaintiff SoFi is a limited liability company incorporated under the laws of Delaware and having its principal place of business at 234 1st Street, San Francisco, California 94105.

4. Upon information and belief, Defendant Carricarte IP Licensing LLC is a limited liability company incorporated under the laws of Florida and having its principal place of business at 29 East Street, Doylestown, Pennsylvania 18901.

5. Upon information and belief, Defendant Louis M. Carricarte is an individual residing at 29 East Street, Doylestown, Pennsylvania 18901. Upon information and belief, Mr. Carricarte is the owner of Carricarte IP Licensing LLC and the 866 patent.

**JURISDICTION AND VENUE**

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

7. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over Carricarte because Carricarte has established minimum contacts with this forum such that the exercise of jurisdiction over Carricarte will not offend traditional notions of fair play and substantial justice. On information and belief, Carricarte IP Licensing LLC's principal place of business is located within the District. On information and belief, Carricarte IP Licensing LLC has conducted business in the District, including one or more of the acts that give rise to SoFi's claims. On information and belief, Louis M. Carricarte resides in and conducts business in the District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) at least because Carricarte is subject to personal jurisdiction in this District, resides in this District, maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Also, Carricarte's "founder and chair" and sole named inventor on the 866 patent, Defendant Louis M. Carricarte, is likely to have information relevant to this case and resides within this District.

10. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between SoFi and Carricarte as to whether SoFi infringes the 866 patent and whether the 866 patent is invalid. The controversy is immediate and substantial as reflected by Carricarte's communications to SoFi which (a) identify specific patent claims which Carricarte asserts are infringed; (b) identify specific SoFi technology and functionality which Carricarte asserts infringes those claims; and (c) threaten imminent legal action for willful patent infringement. *See, e.g.*, Ex. 2 at 6-8 (identifying claims 1-4 of the 866 as being "literally infringed" by certain SoFi technology and functionality); *see also* Ex. 6 at 2-3 ("Final Notice – Cease & Desist Due to Willful Infringement" and threatening litigation).

## FACTUAL BACKGROUND

11. Founded in 2011 by students enrolled at Stanford University, SoFi has revolutionized the banking industry. Its mission is to enable people to "Get Your Money Right" through its patented suite of technologies and financial tools. SoFi has grown to serve millions of customers in banking, lending, and investing, including student and personal loans, mortgages, and investment services. Its proprietary technology platform is so unique and powerful that other financial institutions license it from SoFi. In 2022, SoFi received a U.S. national bank charter.

12. On information and belief, Defendant Carricarte IP Licensing LLC is a non-

practicing entity formed on May 1, 2025, to "acquire, manage, license, enforce, and commercialize intellectual property assets" under the direction of its owner, Defendant Louis M. Carricarte. *See* Ex. 7.[1]

13.  On May 27, 2025, Carricarte sent a "License Notification Packet" to SoFi. Ex. 2. Included in the packet was a "Notification Letter" alleging that SoFi is infringing the 866 patent, including a purported claim construction analysis and infringement analysis for 866 patent claims 1-4. *Id.* The packet further included proposed licensing terms. *Id.*

14.  On June 16, 2025, Carricarte sent a "follow-up to reaffirm notice" and reiterated its allegations and licensing terms. Ex. 3.

15.  On June 30, 2025, Carricarte sent another letter asserting that SoFi's alleged infringement is willful. Ex. 4.

16.  On July 14, 2025, Carricarte sent another letter, again alleging willful infringement, and claiming "our next action will be issuance of a formal Cease & Desist on August 11, 2025, and pursuit of all rights and remedies available, including retroactive damages to March 16, 2021," which is the issue date of the 866 patent. Ex. 5. The letter further threatened "full escalation" if SoFi did not immediately engage in licensing discussions. *Id.*

17.  On August 8, 2025, Carricarte sent a "Cease & Desist Due to Willful Infringement" letter. Ex. 6. The letter purported to "serve[] as a formal Cease & Desist Notice" due to alleged willful infringement of the 866 patent. *Id.* Carricarte further claimed that "[i]f no affirmative

---

[1] All correspondence detailed herein was sent by Carricarte IP Licensing LLC. *See* Exs. 2-6. However, the face of the 866 patent indicates that Mr. Carricarte owns the 866 patent and, as of the filing of this Complaint, there is no assignment recorded at the U.S. Patent & Trademark Office indicating that Mr. Carricarte has assigned the 866 patent to his company. Accordingly, both Carricarte IP Licensing LLC and Mr. Carricarte, in his personal capacity, are named as defendants in this complaint.

response is received, we will proceed to enforce our rights through all available legal remedies, including but not limited to a claim for enhanced damages, attorneys' fees, and a permanent injunction." *Id.*

18.     SoFi's technology and financial tools do not infringe any claims of the 866 patent, either literally or under the doctrine of equivalents. As a nonlimiting example, claim 1 is directed to a "method for collecting and displaying participant feedback about an event in real time." According to claim 1, the method includes, inter alia, "(a) providing to each of said participants a mobile application executable on a mobile device, said application in real-time communication with a data server," "(c) receiving on said data server feedback data from multiple participants," and "(d) aggregating and organizing in real time into a data structure said feedback data received from multiple participants." SoFi's technology and financial tools do not perform, and are not configured to perform, these steps. For example, SoFi does not receive feedback from multiple participants' mobile applications and aggregate and organize the feedback received from multiple participants in real time into a data structure. Additionally and independently, with respect to claim 1, SoFi's technology and financial tools are not configured to, and do not, "(e) provid[e] to a client entity a software application executable on a client device in real-time communication with said data server and capable of receiving from said data server and displaying by immediacy in an interactive dashboard in real time said structured data from multiple participants," "(f) said software application receiving in real time said structured data from said data server," "(g) displaying in real time said structured data in said interactive dashboard…wherein said interactive dashboard allows said client entity to alter the display of structured data in said interactive dashboard by selecting for display the desired data analysis criteria and range within said data analysis criteria." SoFi's technology and financial tools do not include a software application that

receives and displays in real time structured data in an interactive dashboard. Additionally, SoFi's technology and financial tools do not include an "interactive dashboard" of a software application on the client device that is "capable of transmitting to said participant mobile device(s) messages created by said client entity" (claim 2). Claims 3 and 4 depend from claim 2 and purportedly further narrow the scope of claim 2. Accordingly, at a minimum, SoFi cannot infringe claims 3 and 4 because it does not infringe claims 1 and 2. 35 U.S.C. § 112(d) ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers."); *Monsanto Co. v. Syngenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim.") (quoting in *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552 (Fed. Cir. 1989).

19. Claims 1-4 of the 866 patent are invalid and unenforceable for failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. As a nonlimiting example, the claims of the 866 patent recite subject matter that constitutes an unpatentable abstract idea as defined by the U.S. Supreme Court in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). For instance, the claims describe the process of real-time collecting, aggregating, and distributing real-time event participant feedback and allowing parties to react to the information. However, these method steps describe activities that are well known and have been practiced manually by humans for many years prior to filing of the 866 patent, for example, in the context of real-time voting. Moreover, the claims only recite the use of generic computer components, *e.g.*, mobile devices, servers, client devices, etc., for performing routine tasks, such as using such hardware for receiving and transmitting information, collecting and aggregating information, and displaying information on

screens, in a routine manner. The 866 patent claims are thus directed to an abstract idea and fail to transform that abstract idea into patent eligible subject matter. As a consequence, the 866 patent does not claim patent-eligible subject matter and is thereby invalid under 35 USC §101.

20. Moreover, without limiting the grounds of invalidity or prior art that will be asserted in this action, and by way of a nonlimiting example, Claim 1 of the 866 patent is invalid as at least anticipated and/or obvious over U.S. Patent Application Publication No. (2014/0222512) ("Pace") (attached as Exhibit 8) either alone or in combination with additional references. Specifically, Pace discloses or renders obvious the following limitations from claims 1-4 of the 866 patent:

- (Claim 1) Providing to each of said participants a mobile application executable on a mobile device, said application in real-time communication with a data server and capable of receiving from said data server a set of selectable feedback parameters, displaying said set of selectable feedback parameters on said mobile device, and transmitting data from said mobile device to said data server, wherein said set of selectable feedback parameters comprises at least one category and at least two values associated with each said category (*see* Pace, ¶¶[0025]-[0026], ¶[0028], ¶¶[0030]-[0031], ¶[0045], ¶¶[0048]-[0052], ¶[0067], ¶[0081]-[0082], ¶[0114], ¶[0127], ¶[0137], ¶[0141], Figs. 1-2, 5-6, 8-16);

- (Claim 1) Allowing each of said participants to input a command via said mobile application by selecting from said selectable feedback parameters a category about which said participant wishes to give feedback and a value that indicates said participant's feedback in the moment about said event (*id*. at ¶[0026], ¶¶[0030]-[0031], ¶[0045], ¶[0049]-[0060], ¶[0067], Figs. 5-6, 8-16);

- (Claim 1) Receiving on said data server feedback data from multiple participants, wherein said feedback data comprises at least said command data and a time stamp and wherein said time stamp captures the time said command was input at a level of specificity of no longer than one minute (*id*. at ¶[0026], ¶¶[0028]-[0029], ¶¶[0030]-[0031], ¶[0037], ¶[0042], ¶¶[0067]-[0070], ¶[0078], ¶[0082], ¶[0086], ¶¶[0120]-[0121], ¶[0123], Figs. 1-2, 6, 7A, 7B, 8);

- (Claim 1) Aggregating and organizing in real time into a data structure said feedback data received from multiple participants, wherein said data structure organizes said feedback data by data analysis criteria and wherein at least one of said criteria is immediacy by time stamp (*id*. at ¶¶[0014]-[0015], ¶¶[0030]-[0032], ¶[0037], ¶[0067]-[0068], ¶[0089], ¶¶[0119]-[0121], ¶[0123], ¶[0127],

- ¶[0132], Figs. 2, 7A/7B);

- (Claim 1) Providing to a client entity a software application executable on a client device in real time communication with said data server and capable of receiving from said data server and displaying by immediacy in an interactive dashboard in real time said structured data from multiple participants (*id*. at ¶¶[0014]-[0015], ¶¶[0030]-[0032], ¶[0037], ¶[0067]-[0068], ¶[0089], ¶¶[0119]-[0121], ¶[0123], ¶[0127], ¶[0132], Figs. 1, 2, 7A/7B, 8);

- (Claim 1) Displaying in real time said structured data in said interactive dashboard by immediacy, wherein the range of said immediacy for display is selectably alterable by said client entity via said interactive dashboard, and wherein said interactive dashboard allows said client entity to alter the display of structured data in said interactive dashboard by selecting for display the desired data analysis criteria and range within said data analysis criteria (*id*. at ¶¶[0014]-[0015], ¶[0032], ¶[0081], ¶[0118], ¶¶[0120]-[0121], Figs. 7A, 7B);

- (Claim 2) Said interactive dashboard is capable of transmitting to said participant mobile device(s) messages created by said client entity (*id*. at Figs. 1, 5D, 6, ¶[0032], ¶[0081], ¶[0118]; ¶[0143]);

- (Claim 3) Wherein said messages are not pre-scripted but rather are manually created by said client entity in real time in response to structured data from multiple participants displayed in real time in said interactive dashboard (*id*. at ¶[0118]); and

- (Claim 4) Wherein said messages are sent automatically upon occurrence of certain triggers (*id*. at ¶[0118], ¶[0142]).

21.  An actual and justiciable controversy exists between SoFi and Carricarte regarding (a) whether SoFi directly or indirectly infringes any claim of the 866 patent, either literally or under the doctrine of equivalents; and (b) whether the 866 patent is invalid for failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, *et seq*., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. A judicial declaration is necessary to determine the respective rights of the parties regarding the 866 patent. SoFi, therefore, seeks a judicial declaration (a) that it does not directly or indirectly infringe claims 1-4 of the 866 patent, literally or under the doctrine of equivalents; and (b) that claims 1-4 of the 866 patent are invalid for failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, *et seq*., including but not

limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 10,949,866)**

22. SoFi repeats and realleges each allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

23. Carricarte alleges that SoFi infringes claims 1-4 of the 866 patent.[2] *See* Exs. 2-6.

24. SoFi does not directly or indirectly infringe any claims of the 866 patent, including claims 1-4, literally or under the doctrine of equivalents, by making, using, offering to sell, selling, or importing into the United States any financial products that practice any claims of the 866 patent.

25. An actual and justiciable controversy has arisen and exists between SoFi and Carricarte. A judicial determination and declaration that SoFi has not infringed and does not infringe claims 1-4 of the 866 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the 866 patent.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,949,866)**

26. SoFi repeats and realleges each allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. In alleging infringement by SoFi and seeking to collect substantial licensing fees, Carricarte is alleging that the 866 patent is valid and enforceable. *See* Ex. 2 at 7 ("affirming [the 866 patent's] enforceability under post-AIA law.")

28. Claims 1-4 are invalid because they fail to meet the conditions for patentability

---

[2] Regarding the additional claims of the 866 patent, claims 5-15, SoFi reserves the right to amend its complaint to seek a declaration for noninfringement of those claims should Carricarte amend its accusations.

specified in 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.[3]

29.   An actual and justiciable controversy has arisen and exists between SoFi and Carricarte. A judicial determination and declaration that the 866 patent is invalid and unenforceable for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112, is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the 866 patent.

## PRAYER FOR RELIEF

WHEREFORE, SoFi requests that the Court enter judgment in its favor and against Carricarte as follows:

A.   Declaring that SoFi has not infringed, directly or indirectly, literally or by equivalents, claims 1-4 of the U.S. Patent No. 10,949,866;

B.   Declaring that each of claims 1-4 of U.S. Patent No. 10,949,866 is invalid and/or unenforceable;

C.   Declaring that judgment be entered in favor of SoFi and against Carricarte;

D.   Enjoining Carricarte, its agents, and all persons acting in concert or participation with it, from claiming that SoFi infringes U.S. Patent No. 10,949,866;

E.   Declaring this case exceptional and awarding SoFi its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

F.   Awarding SoFi such other and further relief as this Court may deem just and proper.

---

[3] Regarding the additional claims of the 866 patent, claims 5-15, SoFi reserves the right to amend its complaint to seek a declaration for invalidity of those claims should Carricarte amend its accusations.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, SoFi hereby respectfully demands a jury trial on all issues triable by a jury.

Dated: September 24, 2025

Respectfully submitted,

*/s/ Daniel E. Rhynhart*

Daniel E. Rhynhart
PA Bar # 78248
dan.rhynhart@blankrome.com
Maegan S. McUmber
PA Bar # 335905
maegan.mcumber@blankrome.com

**BLANK ROME LLP**
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
215.569.5500

Andrew R. Kopsidas (*pro hac vice* forthcoming)
andrew.kopsidas@blankrome.com
Jon Grossman
PA Bar # 51884
jon.grossman@blankrome.com
Alexander S. Perry (*pro hac vice* forthcoming)
alex.perry@blankrome.com
Jonathan W.S. England (*pro hac vice* forthcoming)
jonathan.england@blankrome.com

**BLANK ROME LLP**
1825 Eye Street NW
Washington, D.C. 20006
202.420.2200

*Attorneys for Plaintiff Social Finance, LLC*